UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUSSELL EWING McKINNON      ]<br>    Petitioner,                              ]<br>                                              ]<br>v.                                            ]<br>                                              ]<br>UNITED STATES OF AMERICA   ]<br>    Respondent.                           ] | No. 3:06-0409<br>Judge Trauger/Brown |

To: Honorable Aleta A. Trauger, United States District Judge

### **R E P O R T  A N D  R E C O M M E N D A T I O N**

By an order (Docket Entry No. 2) entered April 28, 2006, the Court referred this action to the Magistrate Judge "for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), Fed. R. Civ. P."

Presently pending before the Court are petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No. 1) and the government's Response (Docket Entry No. 4) to the Motion. The petitioner has offered no reply to the government's Response.

The undersigned has conducted a review of these pleadings and the record in this case and respectfully recommends, for the reasons stated below, that petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence should be DENIED and that this action should be DISMISSED.

1

## I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. In October, 2003, he pled guilty to being a convicted felon in possession of a firearm. *United States of America v. Russell Ewing McKinnon*, Criminal Action No. 3:02-00119 (M.D. Tenn.). For this crime, he received a sentence of one hundred eighty (180) months in prison, to be followed by five years of supervised release. Docket Entry No. 4-2.

As part of his plea agreement with the government, the petitioner specifically reserved a suppression issue for appeal. Docket Entry No. 4-3 at pg. 8. On direct appeal, the petitioner claimed that the trial court erred when it refused to suppress the pistol taken from him during a search by police. The Sixth Circuit Court of Appeals rejected the petitioner's claim and affirmed the conviction. Docket Entry No. 4-4. No further review was sought on direct appeal.

## II. PETITIONER'S MOTION

On April 24, 2006, the petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No. 1). The only claim found in the Motion is the same claim that the petitioner had previously raised on direct appeal, i.e., that an error occurred when the Court refused to suppress the pistol seized from him during a search.

An order (Docket Entry No. 3) was entered directing the government to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules - - - § 2255 Cases. Presently pending before the Court is the government's Response (Docket Entry No. 4) to the Motion. Having reviewed this pleading and the entire record, it does not appear that an evidentiary hearing is needed in this matter. Rule 8(a), Rules - - - § 2255; *see* Baker v. UnitedStates, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (2986)(an evidentiary

2

hearing need not be conducted in a § 2255 proceeding if the record conclusively shows that the petitioner is not entitled to relief).

### III. LEGAL ANALYSIS

**A.) The Petitioner's Waiver**

The petitioner's plea agreement states in pertinent part

> 16. The defendant knowingly waives the right to challenge the entry of his guilty plea, its voluntary nature, and the manner in which it was accepted in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.
>
> 17. The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except for the claims of ineffective assistance of counsel or prosecutorial misconduct.

Docket Entry No. 4-3 at pgs. 10-11.

By the terms of his plea agreement, the petitioner expressly waived collateral review of all claims brought under 28 U.S.C. § 2255, with the limited exception of claims alleging the ineffective assistance of counsel and prosecutorial misconduct. Upon entering a valid guilty plea, a criminal defendant waives all non-jurisdictional antecedent defects in his prosecution. United States v. Lanier, 201 F.3d 842, 846-847 (6th Cir. 2000). A criminal defendant may further agree, via the terms of a plea agreement, to waive any right, even a constitutional right, United States v. Ashe, 47 F.3d 770, 775-776 (6th Cir. 1995), including the right to appeal a conviction or sentence, United States v. Fleming, 239 F.3d 761, 763-764 (6th Cir. 2001), and the right to seek collateral post-conviction relief. Watson v. United States, 165 F.3d 486, 488-489 (6th Cir. 1999). As long as the criminal defendant has knowingly, intelligently and voluntarily waived his rights,

3

the terms of the plea agreement will be enforced. Id., at pg. 489.

The petitioner has never questioned the validity of his guilty plea. Nor does it appear from this record that petitioner's guilty plea was anything other than knowingly, intelligently and voluntarily given. Therefore, the petitioner has waived any right he might have in pursuing his suppression claim in this type of proceeding.

**B.) Claim Previously Raised on Direct Appeal**

In any event, the petitioner has already raised this claim once before on direct appeal. *See* Docket Entry No. 4-4. At that time, the Sixth Circuit Court of Appeals concluded that the petitioner's claim lacked merit. A § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances such as an intervening change in the law. Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999). In this instance, the petitioner has offered no exceptional circumstances that would justify a relitigation of his claim at this time.

**R E C O M M E N D A T I O N**

Upon consideration of the government's Response and the record in this case, it appears that petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence lacks merit. Therefore, the undersigned respectfully RECOMMENDS that petitioner's Motion be DENIED and that this action be DISMISSED. Rule 8(a), Rules - - - § 2255 Cases.

The petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, should the Court adopt and approve this Report and Recommendation, it is further RECOMMENDED that a certificate of appealability should NOT ISSUE. 28 U.S.C. §

2253(c)(2).

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

                                              /s/ Joe B. Brown
                                              Joe B. Brown
                                              United States Magistrate Judge